The State ex rel. Robinson v. The Bacon Club of Neosho.

The State of Missouri *ex rel.* James Robinson *et al.*,
Respondents, v. The Bacon Club of
Neosho, Appellant.

## St. Louis Court of Appeals, February 10, 1891.

1. **Quo Warranto: MISNOMER: WAIVER.** After a corporation,
against which a proceeding in the nature of *quo warranto* has
been instituted, has appeared in its proper name in the proceeding,
and filed an answer admitting its corporate existence, it is too
late for it to object to the service of the writ on the ground of a
misnomer of it in the return of such service.

2. —— : **MISUSER OF CORPORATE FRANCHISES.** No person or corpora-
tion can lawfully engage in this state in the practice of selling
intoxicating liquors without a dramshop-keeper's license. And if
a corporation, organized for the purpose of a club, engages in the
practice of selling such liquors to its members without having any
license so to do, this furnishes ground for the forfeiture of its
corporate franchises.

*Appeal from the Newton Circuit Court.*—Hon. Joseph
Cravens, Judge.

Affirmed.

*A. J. Harbison* and *O. L. Cravens*, for appellant.

*J. C. Geyer* and *R. F. Clark*, for respondents.

Thompson, J.—This was a proceeding by informa-
tion in the nature of *quo warranto* to oust the defend-
ant, an incorporated club, from its corporate franchises
for the misuser of keeping a bar upon its premises,
where intoxicating liquors were sold and drunk contrary
to law. The defendant filed an answer, admitting its
corporate existence by the name of the Bacon Club of
Neosho, by which name it was proceeded against, and
denying that it had ever unlawfully kept or maintained

a bar, or place where intoxicating liquors were kept, sold or drunk upon its premises, as described in the information. The trial resulted in a judgment of ouster.

The evidence in support of the information was to the effect, that the respondent had a club room to which each member had a key ; that in the center of the room there was a bar and fixtures, at which members were in the habit of procuring liquors by the drink, and paying therefor. At the close of the evidence the defendant offered an instruction in the nature of a demurrer to the evidence, which was refused.

I. The first assignment of error is, that the writ was improperly served on the person named as president of the Bacon Club, instead of the Bacon Club of Neosho, Missouri, which is its corporate name. The objection is untenable, for the reason that the Club appeared, and filed an answer admitting its corporate existence by the name of the Bacon Club of Neosho, as stated in the information. It, therefore, waived any formal defect in the sheriff's return, even if the defect would have been available under any circumstances.

II. The next assignment of error is, that the instruction in the nature of a demurrer to the evidence should have been given. We do not take this view. The evidence makes out a *prima facie* case on the part of gentlemen organizing a club, and setting up a bar in their club room for the dispensing of intoxicating liquors to their members by sale, without having any license so to do, as required by the laws of the state. We say without a license, for it did not appear from the record whether or not Newton county has adopted what is known as the local-option law. Certain it is, that no person or corporation in this state, can lawfully engage in the practice of selling intoxicating liquors by the drink without a dramshop-keeper's license. A question very much like the present has lately been before the court of appeals of Maryland, and that court has held

that, where an incorporated club habitually furnishes to its members intoxicating liquors at a price fixed by its regulations, and paid by the members upon receipt of the liquor, this constituted a *sale* within the prohibition of the law of that state, and that it is immaterial that no actual profit accrues to the club from the transaction ; and that repeated violations of the law in this respect furnish grounds of forfeiture of the franchises of the club. *State v. Eastern, etc., Club,* 20 Atl. Rep. 783. The decision seems to be a wholesome one. The principle of law, that prohibits a laboring man from buying a drink of liquor in a saloon, ought to prevent wealthy gentlemen from organizing themselves into a corporation for the purpose of selling it to their members.

The judgment will be affirmed. All the judges concur.